UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Lucian Snare,

        Plaintiff

  v.

Geico General Insurance Company,

        Defendant

No. 18-cv-1032

(Judge Richard P. Conaboy)

FILED SCRANTON
JUL 2 4 2018
Per_____ DEPUTY CLERK

**MEMORANDUM**

We consider here Plaintiff's Motion to Remand (Doc. 8). This matter arises from a dispute between Defendant Geico and Plaintiff, a covered person under a policy of automobile insurance underwritten by Geico. Plaintiff filed his Complaint consisting of three counts (Count I, Breach of Contract; Count II, Bad Faith Pursuant to 42 Pa C.S.A § 8371; and Count III Violation of Fair Trade Practices under 75 P.S. § 201-1) on April 9, 2018 in the Lackawanna County Court of Common Pleas. Geico removed this matter to this Court on May 16, 2018. (Doc. 1). The parties have briefed this motion (Docs. 8-1 and 10-2) and it is now ripe for disposition.

Plaintiff argues that Defendant Geico improperly removed this action because the elements of diversity jurisdiction in Federal Court (complete diversity of the parties and more than $75,000 in damages) are not present in this case. There is no dispute that

the parties are of diverse citizenship. The only dispute is whether the $75,000 amount in controversy requirement has been satisfied. As Plaintiff states, the Plaintiff is "a master of his own claim". (Doc. 8-1 at 6 *citing Frederico v. Home Depot*, 507 F.3d 188,195 (3d Cir. 2007). Thus, we must examine Plaintiff's Complaint to determine whether it alleges a right to recover more than $75,000. Significantly, Plaintiff's complaint alleges, inter alia, in the ad damnum clause to each of the three counts therein that judgment should be entered in his favor in "an amount in excess of that requiring compulsory arbitration under…the local rules of Court…". Our review of Rule 1301 Arbitration in the Local Rules of the Lackawanna County Court of Common Pleas discloses that, except in enumerated circumstances that have no application to this case, all cases "in which the amount in controversy is $50,000 or less shall first be submitted to arbitration". Thus, by certifying at three points in the Complaint that he is entitled to an amount in excess of the compulsory arbitration threshold in Lackawanna County, Plaintiff has also acknowledged that he is entitled to damages in excess of $50,000 in each count.

Having established that Plaintiff's complaint clearly alleges an entitlement to a recovery in excess of $50,000 in each of three counts, the question naturally arises whether these counts should be aggregated for the purpose of satisfying the amount in controversy requirement for the assertion of federal jurisdiction.

As Geico notes: "The general rule is that claims brought by a single Plaintiff against a single Defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other." *Suber v. Chrysler Corporation*, 104 F.3d 578,588 (3d Cir. 1997) (cited in Defendant's brief at 9). District Courts in this Circuit have uniformly followed the general rule and we will not deviate from it. The caselaw compels the conclusion that Plaintiff's complaint explicitly seeks in excess of $50,000 in each of three counts--thus alleging total damages that aggregate to more than satisfy the $75,000 jurisdictional amount.[1] Accordingly, Plaintiff's Motion to Remand (Doc. 8) will be denied.

BY THE COURT,

Richard P. Conaboy
**United States District Judge**

Dated 24d July 2018.

---

[1] Due to the clarity on this point, the Court finds it unnecessary to comment at length on the fact that Plaintiff's Count II Bad Faith could result in unquantified additional punitive damages which would augment, perhaps significantly, the actual compensatory damages sought.